[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Keisonn Pate has brought this action against the defendant Brooks Jackson seeking money damages for personal injury and property damage in connection with an automobile accident which occurred on January 15, 1998 on Bristol Street in the City of New Haven.
The complaint is in two counts alleging negligence and recklessness respectively. The complaint alleges that the plaintiff was driving his car in an easterly direction on Bristol Street, which is alleged to be a one way street, and saw the defendant's car ahead of him facing east and double parked. The complaint then alleges that because the defendant was double-parked, he "was unnecessarily forced to go around the defendant's vehicle, and due to icy road conditions he slid into a third vehicle parked on Bristol Street" causing the alleged injuries and damages. There is no allegation of any contact between the cars of the plaintiff and defendant.
The witnesses offered on behalf of the plaintiff were the plaintiff and his passenger, James Robinson. They each gave different versions as to how the accident happened, each of which differed from the version set forth in the complaint.
The plaintiff testified that as he was passing the double parked car it suddenly turned left into him, striking the plaintiff's right front fender, causing the plaintiff to lose control of his vehicle, and he went across Bristol Street and struck a parked car. He testified that at the time of the collision he was traveling at 5 m.p.h., the road was not icy or slippery, and it was raining.
The Passenger, Mr. Robinson, testified that the plaintiff was traveling at less than 5 m.p.h. when he hit a wet spot and skidded into the defendant's car which had started to move from its double-parked position. He also said that the road was not icy.
The defendant, Brooks Jackson, testified that a freezing rain was falling which caused the roads to be covered with "black ice," resulting in extremely dangerous conditions. He was delivering pizzas and was attempting to park to make a delivery. There was a space at the right and he attempted to park but slid on the ice. He then pulled back onto the travel portion of the road, stopped alongside a car parked to his right, was standing still, and about to try again to back into the curb spot, CT Page 1511 when he was struck from the rear by the plaintiff's car.
All three witnesses testified that there was contact between the plaintiff's car and the defendant's car, There was very slight damage to the side of the plaintiff's right front fender and also very slight damage to the left corner of the defendant's rear bumper. If the defendant had been turning his car to the left at the moment of collision, as the plaintiff claimed in his testimony, then it would seem likely that there would have been some damage to the left rear side of the defendant's car. The version of the accident as given by the defendant is much more likely to be accurate than that given by the plaintiff and Mr. Robinson, and is consistent with the physical damage to each car.
The plaintiff has the burden of proving that the defendant was negligent and that his negligence was the cause of his injuries and damages. The evidence offered on behalf of the plaintiff was inconsistent and contradictory. Whether the plaintiff is claiming that the accident occurred in the manner described in the complaint or in the way he testified, is of no consequence. The court finds that the plaintiff has failed to prove either version or that the defendant was negligent in any way. The court accepts the testimony of the defendant as credible.
Accordingly, judgment may enter with appropriate costs in favor of the defendant on both counts of the complaint.
Hadden, J.T.R.